Matter of Davenport v New York State Dept. of Fin. Servs. (2024 NY Slip Op 04600)

Matter of Davenport v New York State Dept. of Fin. Servs.

2024 NY Slip Op 04600

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Webber, J.P., Kern, Oing, González, Rosado, JJ. 

Index No. 160242/21 Appeal No. 2612 Case No. 2023-06472 

[*1]In the Matter of Jonathan W. Davenport, Petitioner-Appellant,
v
New York State Department of Financial Services et al., Respondents-Respondents.

Grant & Eisenhofer, P.A., New York (Olav A. Haazen of counsel), for appellant.
Letitia James, Attorney General, New York (Grace X. Zhou of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Lyle E. Frank, J.), entered December 11, 2023, denying the petition to annul a July 12, 2021 determination of respondent New York State Department of Financial Services (DFS), which denied petitioner's Freedom of Information Law (FOIL) request seeking all documents and information received from third parties related to a July 6, 2020 consent order entered into between DFS and Deutsche Bank AG, Deutsche Bank AG New York Branch, and Deutsche Bank Trust Company of the Americas (collectively, Deutsche Bank), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Public Officers Law § 87 (2)(a) provides that an agency may deny access to records which are specifically exempted from disclosure by state or federal law. Banking Law § 36(10) states that all reports of examinations and investigations, "correspondence and memoranda concerning or arising out of such examinations and investigations . . . shall not be made public unless, in the judgment of the superintendent, the ends of justice and the public advantage will be subserved by the publication thereof . . . ." Here, the documents in question were provided by Deutsche Bank to DFS during the course of its investigation of an alleged money laundering scheme by Danske Bank's Estonian branch.
As a result, the requested documents fall squarely within the ambit of Banking Law § 36(10). In this instance, DFS has interpreted "correspondence," as the term appears in the Banking Law provision, to include not only written communications such as emails and letters, but also documents attached to, enclosed with, or obtained through its correspondence with regulated entities. As the agency responsible for the administration and implementation of Banking Law § 36, DFS' construction of the statute is entitled to deference, as its interpretation is rational (see Matter of Brooklyn Assembly Halls of Jehovah's Witnesses, Inc. v Department. of Envtl. Protection of City of N.Y., 11 NY3d 327, 334 [2008]; Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal, 46 AD3d 425, 429 [1st Dept 2007], affd 11 NY3d 859 [2008]). Moreover, DFS's interpretation of "correspondence" does not deviate from the statutory language or legislative history.
Lastly, we note that, contrary to petitioner's claims, state law does not require DFS to provide an index of withheld documents or explain which records are exempt and why they cannot be produced or redacted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024